

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2008

# Patrick v. Great Valley Sch

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4270

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patrick v. Great Valley Sch" (2008). *2008 Decisions*. Paper 386.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/386

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4270

_____

JEAN PATRICK, IN HER OWN RIGHT and ON BEHALF OF STEVEN A.
ROSENBERG, A MINOR,

Appellants

v.

GREAT VALLEY SCHOOL DISTRICT, OWEN BROWN, LEONARD LEVI, CHRIS
TRICKETT, and JOHN McDOWELL,

Appellees

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-5934)
District Judge: Honorable Lawrence F. Stengel

_____

Argued March 26, 2008

_____

Before: McKee, Rendell, and Tashima,[*] *Circuit Judges*

_____

[*]        Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

_____

OPINION

_____

TASHIMA, *Circuit Judge*:

Jean Patrick ("Patrick") and her son Steven Rosenberg ("Rosenberg") (together, "Plaintiffs") appeal the District Court's grant of summary judgment in favor of the Great Valley School District ("Great Valley") and individual Great Valley employees and/or agents Owen Brown ( "Coach Brown"), Leonard Levi, Chris Trickett and John McDowell, on Plaintiffs' claims that Defendants deprived Rosenberg of a constitutionally protected liberty interest without due process of law when Rosenberg suffered injuries during a junior high school wrestling practice.[1]  We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291, and will affirm the grant of summary judgement as to Great Valley, and reverse and remand for further proceedings consistent with this opinion as to Coach Brown's personal liability.

I

Because we write for the parties, we recite only those facts necessary to our analysis of the issues presented on appeal.  Our review of a grant of summary judgment is

_____

[1]     On appeal, Plaintiffs do not contest the District Court's dismissal of Defendants Levi, Trickett, and McDowell.  We therefore deem that issue waived and do not consider it.

plenary and "we must grant all reasonable inferences from the evidence to the non-moving party." *Knabe v. Boury Corp.*, 114 F.3d 407, 410 n.4 (3d Cir. 1997). The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986).

Plaintiffs present evidence that Coach Brown directed Rosenberg to "live wrestle" with a teammate that weighed roughly ninety pounds more than him – Rosenberg weighed 152 pounds and his heavier teammate weighed 240 pounds – at a junior high wrestling practice on December 27, 2002.[2] Live wrestling is, essentially, a simulation of actual competitive match conditions with both wrestlers expending their utmost efforts. Pennsylvania Interscholastic Athletic Association ("PIAA") weight class guidelines–which govern interscholastic matches but not practices–require wrestlers to compete against opponents in their own weight class or one class above. When Rosenberg's injuries occurred, Coach Brown had paired him with a teammate three PIAA weight classes above his own. Rosenberg suffered injuries to his right leg when the heavier wrestler collapsed on top of him.

Experienced wrestling coach and former Olympian Ken Chertow offered expert

---

[2] Defendants deny that the injuries occurred in the course of live wrestling; at the summary judgment stage, however, we must construe the evidence in favor of the non-moving party. *Ideal Daily Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 743 (3d Cir. 1996).

testimony that the weight discrepancy led to Rosenberg's injuries, and that permitting two inexperienced wrestlers with a ninety-pound weigh differential to live wrestle represented a dangerous coaching practice. On appeal, Plaintiffs argue that record evidence construed in their favor would permit a rational jury to conclude that Coach Brown's conduct satisfies the elements of the state-created danger doctrine, and therefore gives rise to liability under 28 U.S.C. § 1983. *See Kneipp v. Tedder*, 95 F.3d 1199, 1211 (3d Cir. 1996) (recognizing the state-created danger cause of action).

For personal liability to attach, a § 1983 plaintiff must show that an "official, acting under color of state law, caused a deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To prevail on a state-created danger claim in this Circuit, a plaintiff must prove four elements: (1) the harm to the plaintiff was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Sanford v. Stiles*, 456 F.3d 298, 304-05 (3d Cir. 2006). The state-created danger doctrine stands as an exception to the general rule that, under the Due Process Clause, the state does not owe its citizens an affirmative duty to protect them from harms caused by other private

-4-

citizens. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989).

The District Court determined that Plaintiffs failed to establish a triable issue of material fact on the question of whether Coach Brown's level of culpability shocked the conscience. The Court explained that, while Coach Brown's decision to pair Rosenberg with a much heavier wrestler triggered certain obvious and irreducible risks, he did not exhibit a callous or willful indifference to those risks, and was thus not culpable in the manner that the state-created danger doctrine requires.

Whether a state actor's conduct shocks the conscience depends on the particular factual circumstances, and cannot be determined by reference to an inflexible standard. *See County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998); *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). Courts applying the shocks-the-conscience standard have often looked to whether the defendant state actor exhibited deliberate indifference to a plaintiff's constitutional rights. *See Morse* v. *Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d. Cir. 1997) (quoting *Kneipp*, 95 F.3d at 1208). In "hyperpressurized" circumstances where split second decisions are required–a high speed car chase for example–an intent to cause harm may be required for a state actor's conduct to shock the conscience. *Sanford*, 456 F.3d at 308. However, in circumstances where the state actor had ample time for deliberation before engaging in the allegedly

unconstitutional conduct, the appropriate standard will be deliberate indifference. *See Phillips v. County of Allegheny*, 515 F.3d 224, 240 (3d Cir. 2008) (noting that where state officials have sufficient time to make unhurried judgments "*deliberate indifference* is sufficient to support an allegation of culpability"). The *Sanford* Court also recognized an intermediate gross negligence or arbitrariness standard, applicable where the state actor has more than a "split-second" to make a decision, but less than enough time to make an "unhurried judgment." *See Sanford*, 456 F.3d at 306.

Coach Brown's decision to match Rosenberg with a much heavier teammate for live wrestling did not occur in a time-constrained or "hyperpressurized" environment, and thus culpability should be assessed under the deliberate indifference standard. According to wrestling expert Ken Chertow's testimony, the pairing of Rosenberg, a young and inexperienced wrestler, with a much heavier partner for live wrestling amounted to an unreasonably dangerous practice. Plaintiffs have also introduced evidence suggesting that, despite the risks, Coach Brown matched Rosenberg with his heavier teammate because he wanted to provide the heavier wrestler with a practice partner and there were no wrestlers of comparable weight present at the practice at issue. Finally, Plaintiffs presented evidence that Coach Brown engaged in similar conduct on more than one occasion, providing, at the very least, circumstantial evidence of deliberate indifference. *Cf. Beck v. City of Pittsburgh*, 89 F.3d 966, 975 (3d Cir. 1996) (holding that evidence of

acquiescence to repeated instances of misconduct may be sufficient to prove deliberate indifference).[3]

Without deciding the issue, we hold that a rational jury could find that Coach Brown's conduct exhibited a level of culpability that shocks the conscience. Because the District Court rested its holding solely on Plaintiffs' failure to satisfy the culpability element of their state-created danger claim, we need not reach the question of whether Plaintiffs have raised a genuine issue of material fact with respect to the remaining three elements.[4]

II

Plaintiffs contend that Great Valley is liable for the alleged deprivation of Rosenberg's Fourteenth Amendment rights, because Coach Brown's conduct conformed to an official school district policy or custom. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Municipal employers are not vicariously liable for

---

[3] We note that this Court has not yet clarified whether actual knowledge of a risk is required to establish deliberate indifference in a state-created danger claim. *See Sanford*, 456 F.3d at 309 n.13 (noting a circuit split on the question and leaving its resolution for "another day").

[4] Defendants contend that Coach Brown's conduct, even if so reckless as to shock the conscience, was not the proximate cause of Plaintiffs' injuries because the harm would have occurred even if Rosenberg had been matched with a lighter wrestler. We conclude that Plaintiffs have presented a material issue of fact concerning whether the weight discrepancy was a direct and foreseeable cause of Plaintiffs' injuries.

all constitutional violations that their employees commit. *Id.* at 694. Under *Monell* and its progeny, municipal liability will attach only where a plaintiff establishes that an official policy or custom served as a proximate cause of the asserted constitutional deprivation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Official policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). Courts look to state law to identify who possesses final policymaking authority. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Alternatively, municipal liability for an unofficial custom will attach when, though not authorized by law, the challenged practices are "so permanent and well-settled" as to be tantamount to law. *Id.* (quoting *Monell*, 436 U.S. at 691).

Plaintiffs do not allege the existence of an official school board policy permitting junior high wrestlers of great weight discrepancies to live wrestle in practice situations.[5]

_____

[5]At oral argument, Plaintiffs' counsel pointed to Great Valley's assertion that the school district maintained an "unwritten custom" of adhering to PIAA weight class guidelines for live wrestling in practice situations to underscore the obvious risks Coach Brown ignored in matching Rosenberg with his heavier teammate. (Appellees' Br. at 8). Plaintiffs' argument proves too much: the existence of an informal policy of complying with PIAA rules during practice reveals that dramatic weight mis-matches were not in fact the school district's informal custom. *See Andrews*, 895 F.2d at 1481 ("When an official's discretionary decisions are constrained by policies not of that official's making,

(continued...)

-8-

Moreover, state law allocates final policymaking authority for the management, supervision, control or prohibition of exercise, athletics or games of any kind to the Great Valley School Board, not to Coach Brown. *See* 24 Pa. Cons. Stat. § 5-511(a). Thus, to survive Great Valley's summary judgement motion, Plaintiffs must raise a material issue of fact concerning the existence of an unofficial custom that is so pervasive as to be tantamount to law. *See Andrews*, 895 F.2d at 1480. A pervasive custom can be established by way of evidence that the relevant policymaking authorities knew of and acquiesced to the challenged practice. *See Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).

Plaintiffs offer no evidence that Great Valley officials imbued with final policymaking authority knew of, or had any reason to know of, Coach Brown's alleged practice of matching lighter wrestlers with much heavier teammates during practice. Moreover, Plaintiffs' evidence that Coach Brown paired Rosenberg with heavier wrestlers on three or more occasions is not sufficient to establish the existence of an unofficial custom so pervasive so as to carry the force of law. Without additional evidence suggesting that gross weight mis-matches constituted Great Valley's policy, adopted by an official with final policymaking authority or, in the alternative, that such

---

[5](...continued)
those policies, rather than the subordinate's departures from them, are the act of the municipality.").

weight mis-matches were so pervasive as to constitute the school district's unofficial custom, Great Valley cannot be held liable for any deprivation of Plaintiffs' constitutional rights stemming from Coach Brown's conduct.

For the foregoing reasons, we will AFFIRM the judgment of the District Court as to defendant Great Valley School District, and REVERSE and REMAND as to defendant Owen Brown for further proceedings consistent with this opinion. Each party shall bear her, his, or its own costs on appeal.